UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH COPPOLA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES ATTORNEY GENERAL, et al.,<br><br>Defendants. | Case No. 2:19-CV-01942-APG-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>**Re: Petition for Declaratory Judgement and Injunctive Relief (ECF No. 1-1)** |

Before the Court is Plaintiff Joseph Coppola's Application to Proceed *In Forma Pauperis* (ECF No. 4). Plaintiff previously filed a Petition for Declaratory and Injunctive Relief (EFC No. 1-1), which was held in abeyance during the period of time Plaintiff was given to amend his *In Forma Pauperis* Application. Plaintiff's Application is now complete. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**I.     SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    DEFENDANTS NAMED IN PLAINTIFF'S FILING

Plaintiff's claim appears to be that his Second Amendment rights were violated when he was charged with and sentenced for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). However, as stated by the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 626-67 (2008), "Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *See also U.S. v. Vongxay*, 594 F.3d 1111, 1115-16 (9th Cir. 2010); *United States v. Nichols,* 124 F.3d 1265, 1266 (11th Cir.1997) ("held that § 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause"); *see also United States v. McAllister,* 77 F.3d 387, 390 (11th Cir.1996) (holding that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce"). Likewise, Nevada law prohibits a felon from possessing "any firearm," "loaded or unloaded and operable or inoperable." NRS 202.360(1)(a). Thus, even assuming, for argument sake only, Plaintiff could state a claim against the named defendants, Plaintiff fails to allege a claim that is actionable. No declaratory or injunctive relief is available to Plaintiff based on an alleged violation of the Second Amendment to the U.S. Constitution.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is compliant with federal statutory requirements and on that basis is GRANTED.

**REPORT AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Petition for Declaratory and Injunctive Relief be DENIED with prejudice as Plaintiff fails to state a claim upon which relief may be granted and there is no amendment to the facts or claims asserted that would result in a different outcome.

DATED: January 13, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).